UNITED STATES DISTRICT
COURT EASTERN DISTRICT OF
MICHIGAN SOUTHERN DIVISION

JOHN LOUIS-PERKINS BROWN,

    Petitioner,

v.

    CASE NO. 2:19-CV-13087
    HONORABLE VICTORIA A. ROBERTS

SHERMAN CAMPBELL,[1]

    Respondent.
_____/

### ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO SUBMIT A PROPER HABEAS PETITION AND EITHER THE FILING FEE OR AN APPLICATION TO PROCEED *IN FORMA PAUPERIS*

On October 21, 2019, Petitioner John Louis-Perkins Brown filed a petition for habeas corpus. Petitioner's filing does not comply with the rules governing habeas petitions; his five-page petition failed substantially to follow the standard section 2254 petition form and it was unsigned. In addition, Petitioner did not pay the required filing fee for a habeas corpus action or apply for permission to proceed as a pauper. Accordingly, Petitioner must show cause why the Court should not dismiss this action.

### I. Background

On June 15, 2017, Petitioner was convicted by *nolo contendere* plea to five felony counts of criminal sexual conduct, third-degree, in the Eaton County Circuit

---

[1] The Court amends the caption to reflect the name of Petitioner Brown's current warden. See Rule 2(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

Court.[2] The trial court sentenced Petitioner to ten to twenty-five years in prison on all counts, to be served concurrently.

Petitioner states that the trial court appointed appellate counsel. ECF No. 1, PageID.1. However, the attorney failed to file an application for leave to appeal. *Id.* Petitioner says the appellate attorney "used an untruthful method to get this Petitioner to say that he didn't want to pursue an appeal," by telling him that if he appealed, he would receive a greater sentence than he was currently serving. *Id.*

The petition appears to raise a claim of ineffective assistance of appellate counsel as well as a proportionality challenge to Petitioner's sentence. *Id.* at PageID.2, 4. Petitioner seeks a new trial, or, in the alternative, resentencing. *Id.* at PageID.5.

## II. Discussion

The proper way to begin a civil action in federal court is to file a complaint with the court. Fed. R. Civ. P. 3. The Federal Rules of Civil Procedure apply to habeas suits unless they are inconsistent with the Habeas Corpus Rules, and "[n]othing in the Habeas Corpus Rules contradicts Rule 3." *Woodford v. Garceau*, 538 U.S. 202, 208 (2003). "The logical conclusion, therefore, is that a habeas suit begins with the filing of an application for habeas corpus relief -- the equivalent of a complaint in an ordinary civil case." *Id.*; *see also United States v. Asakevich*, 810 F.3d 418, 420 (6th Cir. 2016) (stating that "Article III of the U.S. Constitution empowers federal courts to hear 'Cases' or 'Controversies,' nothing more"); *United States v. Thomas*, 713 F.3d 165, 168 (3d Cir.

---

[2] The Court is "authorized to 'take judicial notice of proceedings in other courts of record[.]'" *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 972 n. 5 (6th Cir. 2005) (citations omitted).

2013) ("no case or controversy generally exists before an actual § 2254 petition is filed").

A habeas petition must "allege the facts concerning the applicant's commitment or detention[.]" 28 U.S.C. § 2242, ¶ 2.  The petition also must

(1) specify all the grounds for relief available to the petitioner;

(2) state the facts supporting each ground;

(3) state the relief requested; [and]

(5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts.  "The petition must substantially follow either the form appended to [the Rules Governing Section 2254 Cases] or a form prescribed by a local district-court rule."  Rule 2(d).  In addition, the petitioner must submit two identical copies of the petition and pay the applicable filing fee or submit an application to proceed in forma pauperis.  Rule 3(a).

Petitioner labeled his pleading "Writ of Habeas Corpus" with that title, the Court filed it as a habeas corpus petition.  But, it provides no facts regarding Petitioner's convictions or detention by the Michigan Department of Corrections, as required by the habeas rules.  Petitioner did not sign the petition.  He also did not pay the filing fee of $5.00, nor submitted an application to proceed in forma pauperis.

Before dismissing a matter on its own initiative, the Court "must accord the parties fair notice and an opportunity to present their positions[,]" such as through a show-cause order.  *Day v. McDonough*, 547 U.S. 198, 210 (2006); *see also Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir.2000) ("The long-standing general rule is that a court

may not dismiss an action without providing the adversely affected party with notice and an opportunity to be heard.").

### III. Conclusion

Accordingly, the Court orders Petitioner to show cause within ninety (90) days of the date of this order why the Court should not dismiss this action without prejudice for (1) failing to pay the filing fee or applying for permission to proceed *in forma pauperis* and (2) failing to file a proper habeas corpus petition and two copies of the petition with his motion. The Court is enclosing a blank habeas corpus petition form with instructions and an application to proceed *in forma pauperis* for Petitioner's convenience, in case he wishes to complete and file those documents with his response to this Order.

s/ Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Date: 3/23/2020