UNITED STATES DISTRICT
COURT EASTERN DISTRICT OF
MICHIGAN SOUTHERN DIVISION

JOHN LOUIS-PERKINS BROWN,

      Petitioner,

v.                                CASE NO. 2:19-CV-13087
                                HONORABLE VICTORIA A. ROBERTS

SHERMAN CAMPBELL,

      Respondent.

_____/

## OPINION AND ORDER DISMISSING PETITION

On October 21, 2019, Petitioner John Louis-Perkins Brown filed a petition for habeas corpus. Petitioner's filing did not comply with the rules governing habeas petitions; his five-page petition substantially failed to follow the standard section 2254 petition form and it was unsigned. In addition, Petitioner did not pay the required filing fee for a habeas corpus action or apply for permission to proceed as a pauper. Petitioner was ordered to show cause why the Court should not dismiss this action. (ECF No. 3.) Because Petitioner failed to respond to the Court's show cause order or otherwise correct these deficiencies, his petition will now be dismissed without prejudice

The proper way to commence a civil action in federal court is to file a complaint with the court. Fed. R. Civ. P. 3. A case seeking a writ of habeas corpus begins with the filing of an application for habeas corpus relief, the equivalent of a complaint in an ordinary civil case. *Woodford v. Garceau*, 538 U.S. 202, 208 (2003).

Habeas petitioners must meet the pleading standards set forth in the Rules Governing Section 2254 Cases. *McFarland v. Scott*, 512 U.S. 849, 855 (1994). Those

rules require a habeas petition to "allege the facts concerning the applicant's commitment or detention[.]" 28 U.S.C. § 2242, ¶ 2. The petition must also

> (1) specify all the grounds for relief available to the petitioner;
>
> (2) state the facts supporting each ground;
>
> (3) state the relief requested; [and]
>
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. "The petition must substantially follow either the form appended to [the Rules Governing Section 2254 Cases] or a form prescribed by a local district-court rule." Rule 2(d). In addition, the petitioner must submit two identical copies of the petition and pay the applicable filing fee or submit an application to proceed in forma pauperis. Rule 3(a).

Petitioner's pleading failed to meet these standards. Petitioner also failed to respond to the Court's Order directing Petitioner to show cause why the Court should not dismiss this action without prejudice for (1) failing to pay the filing fee or applying for permission to proceed *in forma pauperis* and (2) failing to file a proper habeas corpus petition and two copies of the petition with his motion. The Court shall therefore dismiss this case without prejudice for failure to comply with the Federal Rules of Civil Procedure and the Rules Governing Section 2254 Cases, as well as Petitioner's failure to comply with this Court's prior order.

Accordingly, the Court DISMISSES this case. This dismissal is without prejudice, meaning that Petitioner may bring a new civil action by filing a proper habeas petition under 28 U.S.C. § 2254 and either paying the filing fee or properly submitting an

*in forma pauperis* application. The Court makes no determination as to the merits of any such petition. This case is closed and will not be reopened.

                                              s/ Victoria A. Roberts
                                              VICTORIA A. ROBERTS
Date: 5/27/2021                   UNITED STATES DISTRICT JUDGE